# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | |
|---|---|
| BASCOM RESEARCH, LLC, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>FACEBOOK, INC., )<br>)<br>Defendant. )<br>)<br>)<br>) | Civil Action No. 1:12-cv-01111<br>(LMB/JFA) |

# FACEBOOK, INC.'S MOTION TO DISMISS
# PURSUANT TO FED. R. CIV. P. 12(B)(6)

**TABLE OF CONTENTS**

Page

I. SUMMARY OF ARGUMENT ........................................................................................ 1
II. FACTUAL BACKGROUND ........................................................................................... 1
III. ARGUMENT .................................................................................................................... 2
    A. Legal Standard for a Rule 12(b)(6) Motion to Dismiss ......................................... 2
IV. THE COMPLAINT FAILS TO STATE A CLAIM FOR INDUCEMENT ..................... 3
    A. Inducement to Infringe Requires Knowledge and Specific Intent .......................... 3
    B. Bascom Fails to Allege that Facebook Had Any Knowledge of the Patents-in-Suit ........................................................................................................ 3
    C. Bascom's Inducement Allegations Do Not Support a Plausible Inference that Facebook Knew the Accused Acts Infringed or that Facebook Had the Specific Intent to Induce Any Infringement ........................................................... 5
V. BASCOM FAILS TO STATE A CLAIM FOR WILLFUL INFRINGEMENT ............... 6
VI. CONCLUSION ................................................................................................................. 7

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................................. 2, 5

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ........................................................................................................................ 2

*Global-Tech Applicances, Inc. v. SEB S.A.*,
    131 S. Ct. 2060 (2011) ............................................................................................................ 2, 3, 4

*In re Seagate Tech., LLC*,
    497 F.3d 1360 (Fed. Cir. 2007) (en banc) ...................................................................................... 6

*Mike's Train House, Inc. v. Broadway Ltd. Imports*,
    Civ. No. JKB-09-2657, 2011 WL 856306 (D. Md. Mar. 8, 2011) ................................................. 3

*SRI Int'l Inc. v. Internet Sec. Sys., Inc.*,
    647 F. Supp. 2d 323 (D. Del. 2009) ............................................................................................... 3

*Vita-Mix Corp. v. Basic Holding, Inc.*,
    581 F.3d 1317 (Fed. Cir. 2009) ...................................................................................................... 3

*Wright Mfg., Inc. v. Toro Co.*,
    Civ. A. No. MJG-11-1373, 2011 WL 6211172 (D. Md. Dec. 13, 2011) ............................... 2, 4, 5

**STATUTES**

35 U.S.C. § 271 ............................................................................................................................ passim

35 U.S.C. § 284 ..................................................................................................................................... 6

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 12(b)(6) ................................................................................... 1, 2, 7

Defendant Facebook, Inc. ("Facebook"), by and through its undersigned counsel, respectfully moves this Court to dismiss Plaintiff Bascom Research LLC's ("Bascom") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state claims of indirect or willful infringement.

## I.    SUMMARY OF ARGUMENT

Bascom's Complaint does not properly state a claim for indirect infringement by inducement. An inducement claim requires plausible allegations that the defendant both knew of the patents-in-suit and knowingly induced acts that it knew constituted patent infringement with a specific intent to do so. Bascom's Complaint fails to allege facts sufficient to support any inference that Facebook had knowledge of the patents-in-suit and that it induced acts it knew constituted infringement of the asserted patents.

The Complaint also does not properly state a claim for willful infringement. An essential element of willfulness is the pre-filing reckless disregard of a high likelihood of infringement. The Complaint fails to allege any facts that support any inference that Facebook knew or should have known of the alleged infringement before Bascom filed this lawsuit, let alone that Facebook acted in reckless disregard of the alleged infringement.

Accordingly, Facebook respectfully requests that Bascom's claims of inducing infringement (35 U.S.C. § 271(b)) and willful infringement be dismissed and that the Court strike Bascom's prayer for enhanced damages and other relief based on Bascom's willfulness claims, as well as all references to inducement of infringement in Bascom's prayer for relief.

## II.   FACTUAL BACKGROUND

Non-practicing entity Bascom Research filed the Complaint in this action against Facebook on October 3, 2012, alleging direct and indirect infringement of U.S. Patent Nos. 7,111,232 ("the '232 patent"), 7,139,974 ("the '974 patent"), 7,158,971 ("the '971 patent"), and

7,389,241 ("the '241 patent") (collectively "patents-in-suit"). Bascom alleges that Facebook infringes one or more claims of these patents by "making, using, importing, selling, and/or offering for sale infringing products and services" or by inducing end-users to infringe the patents-in-suit. (*See, e.g.*, Compl. (D.I. 1) ¶¶ 31-35, 39-43, 47-51, 55-59.)

### III. ARGUMENT

#### A. Legal Standard for a Rule 12(b)(6) Motion to Dismiss

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, if accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To satisfy this factual plausibility standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," based on "more than a sheer possibility that a defendant has acted unlawfully." *Id*. (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). Moreover, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 679 (citing *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has failed to show that the pleader is entitled to relief and it should therefore be dismissed. *Iqbal*, 556 U.S. at 679.

Moreover, for claims of inducement under 35 U.S.C. § 271(b), "a plaintiff must prove that the infringer had knowledge of the existence of the infringed patent to prove induced infringement." *Wright Mfg., Inc. v. Toro Co.*, Civ. A. No. MJG-11-1373, 2011 WL 6211172, at *3 (D. Md. Dec. 13, 2011) (citing *Global-Tech Applicances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011)). Under *Global-Tech*, a claim of inducement requires "proof that an inducer

2.

'persuade[d] another to engage in conduct that the inducer knows is infringement." *Id.* To survive a motion to dismiss, the plaintiff must "include factual allegations sufficient to create a plausible claim of intent and knowledge." *Id.* (citing *Mike's Train House, Inc. v. Broadway Ltd. Imports*, Civ. No. JKB-09-2657, 2011 WL 856306, at *8 (D. Md. Mar. 8, 2011)).

## IV. THE COMPLAINT FAILS TO STATE A CLAIM FOR INDUCEMENT

### A. Inducement to Infringe Requires Knowledge and Specific Intent

To prove inducement of infringement under 35 U.S.C. § 271(b), Bascom must show that Facebook knew of the asserted patents and knowingly induced acts that it knew constituted patent infringement with a specific intent to do so. *Global-Tech Appliances, Inc.*, 131 S. Ct. at 2068 ("Accordingly, we now hold that induced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement."); *see also Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009) (a claim for inducement "requires a showing that the alleged inducer knew of the patent, knowingly induced the infringing acts, and possessed a specific intent to encourage another's infringement of the patent"). Specific intent requires more than "mere knowledge of possible infringement." *Id.* Specific intent requires that "the alleged infringer's actions induced infringing acts and that he knew or should have known his actions would induce actual infringements." *SRI Int'l Inc. v. Internet Sec. Sys., Inc.*, 647 F. Supp. 2d 323, 335 (D. Del. 2009) (internal quotations and citations omitted).

### B. Bascom Fails to Allege that Facebook Had Any Knowledge of the Patents-in-Suit

Bascom's Complaint fails to state a proper inducement claim against Facebook because the Complaint fails to allege that Facebook had any knowledge of the patents-in-suit, much less that it had the specific intent to cause infringement of those patents. To prove inducement of infringement under 35 U.S.C. § 271(b), "a plaintiff must prove that the infringer had knowledge

of the existence of the infringed patent . . . ." *Wright Mfg.*, 2011 WL 6211172, at *3 (citing *Global-Tech Applicances, Inc.*, 131 S. Ct. at 2068).

The entirety of Bascom's inducement allegations against Facebook consists of the following paragraphs:

- "In addition to directly infringing the Patents-In-Suit pursuant to 35 U.S.C. § 271(a) either literally or under the doctrine of equivalents, Defendant indirectly infringes the Patents-In-Suit pursuant to 35 U.S.C. § 271(b) by instructing, directing and/or requiring others, including its users and developers, to perform all or some of the steps of the method claims, either literally or under the doctrine of equivalents, of the Patents-In-Suit." (Compl. ¶ 29.)

- "Bascom is informed and believes, and based thereon alleges, that Defendant has induced and continues to induce others to infringe the '232 Patent under 35 U.S.C. § 271(b) by actively and intentionally aiding and abetting others, including its users and developers, to infringe." (Compl. ¶ 35.)

- "Bascom is informed and believes, and based thereon alleges, that Defendant has induced and continues to induce others to infringe the '974 Patent under 35 U.S.C. § 271(b) by actively and intentionally aiding and abetting others, including its users and developers, to infringe." (Compl. ¶ 43.)

- "Bascom is informed and believes, and based thereon alleges, that Defendant has induced and continues to induce others to infringe the '241 Patent under 35 U.S.C. § 271(b) by actively and intentionally aiding and abetting others, including its users and developers, to infringe." (Compl. ¶ 51.)

- "Bascom is informed and believes, and based thereon alleges, that Defendant has

induced and continues to induce others to infringe the '971 Patent under 35 U.S.C. § 271(b) by actively and intentionally aiding and abetting others, including its users and developers, to infringe." (Compl. ¶ 59.)

These allegations of induced infringement are conclusory and devoid of any allegations that would support a plausible inference that Facebook had any knowledge of the patents-in-suit. Courts within the Fourth Circuit have dismissed inducement claims pleading even *greater* detail than Bascom's "threadbare recitals of the elements." *Iqbal*, 556 U.S. at 678; *see also Wright Mfg.*, 2011 WL 6211172, at *3 ("Wright alleges knowledge only through a broad statement that 'Toro has know of [been aware of] [the patent] since at least 2008.' More is required.") (internal quotations and citations omitted). Because Bascom has failed to plead that Facebook had any knowledge of the patents-in-suit, much less possessed the specific intent for others to infringe those patents, its inducement claims must be dismissed.

    **C.    Bascom's Inducement Allegations Do Not Support a Plausible Inference that Facebook Knew the Accused Acts Infringed or that Facebook Had the Specific Intent to Induce Any Infringement**

Bascom's conclusory allegations of induced infringement do not state a claim upon which relief can be granted because they do not support a plausible inference that Facebook had pre-filing knowledge that the accused acts infringed or that Facebook had the specific intent to induce infringement. The Complaint alleges that Facebook permits third parties to use various features of its products, including APIs and development tools, and provides instructions on their use. (*See, e.g.*, Compl. ¶¶ 24-25.) Bascom apparently relies on these vague contentions to support its allegation of inducement, but never alleges facts supporting a plausible inference that Facebook knew such activities were infringing or that Facebook offered such services or instructions with the specific intent of inducing infringement of Bascom's patents. Indeed, as described above, Bascom fails to allege that Facebook was even aware of Bascom's patents-in-

suit.

Accordingly, the Complaint does not state a plausible claim for inducing infringement, and Facebook respectfully submits that the Complaint's inducement claims should be dismissed.

## V. BASCOM FAILS TO STATE A CLAIM FOR WILLFUL INFRINGEMENT

Bascom apparently purports to state a claim for willful infringement against Facebook. (*See* Compl., Prayer for Relief (D).) To establish willful infringement, a patent owner must demonstrate by clear and convincing evidence that the infringer acted despite an "objectively high likelihood that its actions constituted infringement" and that this "objectively-defined risk . . . was either known or so obvious that it should have been known to the accused infringer." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (en banc). "[A] willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct." *Id.* at 1374. Thus, Bascom's willful infringement claims require a plausible allegation that Facebook knew or should have known of the risk of infringement before Bascom filed this action.

Bascom's willfulness allegation reads in full: "WHEREFORE, Bascom prays for judgment and relief as follows: . . . . D. An award to Bascom for Defendant's willful infringement of treble damages so determined, as provided by 35 U.S.C. § 284, together with post-judgment interest and prejudgment interest from the first date of infringement of the '232 Patent, '974 Patent, '241 Patent, and '971 Patent." (Compl., Prayer for Relief.) As with its indirect infringement allegations, Bascom's willful infringement allegation is legally insufficient because it alleges no facts that could give rise to an inference that Facebook knew or should have known it was acting despite an objectively high likelihood of infringement. Indeed, Bascom's willful infringement allegation appears to be an afterthought, appended to its Prayer for Relief without any substantive factual support whatsoever. As discussed above, Bascom has not made

any plausible allegations that Facebook knew or should have known of the risk of infringement before Bascom filed suit.

Accordingly, because the Complaint does not plead a plausible claim for willful infringement, the Court should dismiss Bascom's willfulness claims and strike the prayer for enhanced damages and other relief based on that allegation.

## VI. CONCLUSION

For the foregoing reasons, Facebook's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) should be granted.

Dated: November 8, 2012                    Respectfully submitted,

/s/ Scott A. Cole

Stephen R. Smith (VSB No. 81628)
Scott A. Cole (VSB No. 74771)
scole@cooley.com
Cooley LLP
One Freedom Square
11951 Freedom Drive
Reston, VA 20190-5656
Telephone: (703) 456-8000
Facsimile: (703) 456-8100

Heidi Keefe (Admitted *pro hac vice*)
Mark Weinstein (Admitted *pro hac vice* )
Brian P. Wikner (*pro hac vice* pending)
Elizabeth Stameshkin (*pro hac vice* pending)
Cooley LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
Telephone: (650) 843-5000
Facsimile: (650) 857-0663

Attorneys for Defendant
 FACEBOOK, INC.

**CERTIFICATE OF SERVICE**

      I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on November 8, 2012.  Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

                                          */s/  Scott A. Cole*
                                          Scott A. Cole (Va. Bar No. 74771)