IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BASCOM RESEARCH LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>FACEBOOK, INC.,<br><br>    Defendant.<br>_____/<br><br>And all related cases<br>_____/ | No. C 12-6293 SI; Related Cases C 12-6294 SI; C 12-6295 SI; C 12- 6296 SI; C 12-6297 SI<br><br>**ORDER GRANTING MOTIONS TO DISMISS WITH LEAVE TO AMEND**<br><br>Order to be filed in all related cases |

Defendants' motions to dismiss are currently scheduled for a hearing on March 15, 2013. Pursuant to Civil Local Rule 7-1(b), the Court finds these motions appropriate for resolution without oral argument and hereby VACATES the hearing. For the reasons set forth in this order, the Court hereby GRANTS defendants' motions and grants plaintiff leave to amend the complaints. If plaintiff wishes to amend the complaints, plaintiff shall do so by **March 29, 2013**. **The parties' case management conference on March 15, 2013, at 2:30 p.m. remains on calendar.**

## BACKGROUND

On October 3, 2012, plaintiff Bascom Research LLC ("Bascom") filed five related patent infringement actions in the Eastern District of Virginia against defendants Facebook, Inc., LinkedIn Corporation, Novell, Inc., Jive Software, Inc., and BroadVision, Inc. On December 12, 2012, the five cases were transferred to this District and subsequently assigned to this Court. In all five cases, Bascom accuses defendants of infringing three of its patents, U.S. Patent No. 7,111,232 ('232), U.S. Patent No.

7,139,974 ('974); and U.S. Patent No. 7,158,971 ('971). In addition, in the lawsuits against Facebook and LinkedIn Corporation, Bascom alleges infringement of a fourth patent, U.S. Patent No. 7,389,241 ('241).

The five complaints, which are similar, do not contain any description of the patents-in-suit, although the patents are attached as exhibits to the complaints. The '232 patent is titled "Method and System for Making Document Objects Available to Users of a Network." The '974 patent is titled "Framework for Managing Document Objects Stored on a Network." The '971 patent is titled "Method for Searching Document Objects on the Network." The '241 patent is titled "Method for Users of a Network to Provide Other Users with Access to Link Relationships Between Documents." All four patents were issued to Thomas Layne Bascom. Each of the summaries of the four patents-in-suit states: "The systems, apparatus and methods of the present invention (hereinafter 'Linkspace') incorporate and provide many improvements on existing methods for publishing, distributing, relating and searching document objects on computer networks, including the Internet. . . . Linkspace permits a user of a computer network or the Internet to establish relationships between document objects located on the network or the Internet." *Bascom Research LLC v. Facebook, Inc*., No. C 12-6293 SI, Compl. ("*Facebook* complaint") Ex. A at col. 2:63- col. 3:7; Ex. B at col. 3:30-40; Ex. C at col. 4:36-46; Ex. D at col. 3:11-23.

In all five cases, Bascom alleges claims for direct infringement and induced infringement of the asserted patents. The *Facebook* complaint is typical of all of the complaints. The complaint alleges,

> The Facebook website is a social networking platform that allows its users to create their own personal profiles, link with their friends, acquaintances, co-workers, etc., join in common-interest user groups, and share a variety of content. The Facebook website is built on a social graph, elements of which can be queried and represented using the Graph Application Programming Interface (API). The Graph API uniformly represents objects in the graph (e.g., people, photos, events and pages) and the connections between them (e.g., friend relationships, shared content, photo tags, etc.).

Compl. ¶ 17. The complaint continues,

> The objects and connections in the social graph can be manipulated using the Open Graph. The Open Graph allows applications to model user activities based on objects and actions. Objects in the Open Graph represent entities that are available for user interaction. Actions in the Open Graph represent high-level interactions available to the user. An Open Graph application may generate a connection between two objects in response to user interaction. The generation of the connection between the two objects may then appear in the Facebook User's News Feed, Ticker and/or the User's Timeline.

2

1 *Id.* ¶ 21. The complaint alleges that Facebook requires its users to activate an account in order to use
2 the Facebook website, and that "Facebook generates a unique User object for each account which
3 contains the personal information of the user." *Id.* ¶ 23. The complaint alleges that Facebook permits
4 third-party developers to access and use the Facebook website, and that those third-party developers
5 "have access to a variety of objects and connections in order to build applications and websites that
6 integrate with the Facebook website." *Id.* ¶ 24.

7 The complaint alleges that the Facebook Platform infringes the patents-in-suit by,

> among other things, making, using, and operating the claimed system and methods on the Facebook Platform. . . . By way of non-limiting example, as discussed above, the Facebook Platform includes a number of document objects that represent various entities and things. The Facebook Platform also contains a number of linking relationships that logically connects the document objects to each other. These linking relationships contain a variety of attributes that describe the linking relationship. By way of non-limiting example, these attributes may be found in the social graph of the Facebook Platform which may be represented using the Graph API and may be manipulated using the Open Graph. Each of the elements of the social graph, including the Link relationships, may be retrieved using a unique identifier and presented based on the particular implementation of the application. Furthermore, users of the Facebook platform are given the ability to access objects based on their relationship to other objects.

15 *Id.* ¶¶ 27-28. The complaint alleges, "in addition to directly infringing the Patents-In-Suit . . . Defendant
16 indirectly infringes the Patents-In-Suit pursuant to 35 U.S.C. § 271(b) by instructing, directing and/or
17 requiring others, including its users and developers, to perform all or some of the steps of the method
18 claims, either literally or under the doctrine of equivalents, of the Patents-In-Suit." *Id.* ¶ 29.

19 All defendants have moved to dismiss the claims of indirect infringement by inducement. In
20 addition, defendant Facebook moves to dismiss Bascom's claim for willful infringement, which is
21 alleged only against Facebook.

**LEGAL STANDARD**

24 Under Federal Rule of Civil Procedure 12(b)(6), dismissal of a complaint is "appropriate only
25 where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal
26 theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). Notice
27 pleading requires only a "short and plain statement of the claim showing that the pleader is entitled to
28 relief." Fed. R. Civ. P. 8(a)(2). However, such a showing "requires more than labels and conclusions,

3

and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. Legal conclusions may "provide the framework of a complaint,[but] they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The court must take all factual allegations found in the complaint as true and construe them in the light most favorable to the plaintiff. *See Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996). However, the court is not required to accept "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). A complaint is insufficient if it "fails to specify the allegations in a manner that provides sufficient notice" to the defendant. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

## DISCUSSION

### I. Indirect infringement by inducement

"Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). To prove induced infringement, the patentee "must show direct infringement, and that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *Toshiba Corp. v. Imation Corp.*, 681 F.3d 1358, 1363 (Fed. Cir. 2012) (internal quotations omitted). To state a claim for induced infringement, Bascom must plead "facts plausibly showing that the [defendant] specifically intended [its] customers to infringe the [asserted patents] and knew that the customers' acts constituted infringement." *In re Bill of Lading Transmission and Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012).

Defendants contend that Bascom fails to adequately allege that (1) the defendants knew about the patents and (2) the defendants knew the accused acts infringed and had the specific intent to induce third party infringement.

### A. Knowledge of patents

Defendants contend that the allegations regarding defendants' knowledge are conclusory and that there are no factual allegations that the defendants had any knowledge of the patents-in-suit. In response, Bascom asserts that it has sufficiently alleged knowledge of the patents-in-suit because each of the complaints alleges that "Defendant . . . has actively and *knowingly* induced and continues to actively and *knowingly* induced infringement of one or more claims of the [] Patent, all in violation of 35 U.S.C. § 271(a)(b). *See, e.g.*, *Facebook* Compl. ¶¶ 31, 39, 47, 55 (emphasis added).

The Court agrees with defendants that the complaints do not adequately allege defendants' knowledge of the patents-in-suit. Although the complaints allege that defendants "knowingly induced" infringement, there are no facts alleging whether, when or how defendants became aware of the patents-in-suit. Such conclusory allegations regarding knowledge are insufficient. *See Fujitsu Ltd. v. Belkin Intern., Inc.*, 782 F. Supp. 2d 868, 891 (N.D. Cal. 2011 (dismissing claim for indirect infringement where "Fujitsu has only alleged in conclusory terms that the defendants have received notice of the patents.").

In its opposition papers, Bascom also argues that knowledge of the patents may be established as a matter of law on the date on which a complaint was filed. Defendants disagree, and contend that inducement requires alleging facts of pre-filing knowledge of the patents-in-suit. Although district courts across the country have split on this issue, courts in the Northern District of California have held that knowledge of the patent based on the filing of a complaint is sufficient to meet the knowledge requirement for an induced infringement claim. *See, e.g.*, *Infineon Technologies AG v. Volterra Semiconductor Corp.*, No. C-11-6239 MMC, 2012 WL 3939353, at *4 (N.D. Cal. Sept. 10, 2012) (denying motion to dismiss induced infringement claim where the plaintiff "identifie[d] the latest date, as well as the manner, by which Volterra allegedly became aware of each of the asserted patents . . . , namely, the date of Infineon's Complaint, and further alleges Volterra induced its customers to infringe 'after gaining knowledge of the [asserted] patent[s]'"); *EON Corp. IP Holdings, LLC v. Sensus USA, Inc.*, No. C-12-1011 EMC, 2012 WL 4514138, at *1 (N.D. Cal. Oct. 1, 2012); *but see Mallinckrodt Inc. v. E–Z–EM Inc.*, 670 F. Supp. 2d 349, 354 (D. Del. 2009) ("The Court is not persuaded by Plaintiffs' contention that the requisite knowledge can be established by the filing of the Plaintiffs' Complaint.").

5

1 This Court agrees with the other decisions in this District and holds that knowledge of the patents can 2 be established through the filing of the complaint. In such cases, however, the claim for induced 3 infringement is limited to post-filing conduct.

4 The Court will grant Bascom leave to amend the complaints to allege when and how defendants 5 became aware of the patents-in-suit. If Bascom alleges that defendants' knowledge is based on the 6 filing of the complaints, Bascom's claims for induced infringement will be limited to post-filing 7 conduct.

### B. Intent to induce infringement

In order to state a claim for induced infringement, the complaints "must contain facts plausibly showing that [defendants] specifically intended their customers to infringe the [patents] and knew that the customer's acts constituted infringement." *In re Bill of Lading*, 681 F.3d at 1339. Defendants argue that the complaints fail to allege this element because all of the complaints simply allege that defendants permit third parties to use various features of their products, including APIs, development tools, objects and connections, and that defendants provide instructions on their use. *See e.g.*, *Facebook* Compl. ¶¶ 24-25; *BroadVision* Compl. ¶ 20; *Jive* Compl. ¶¶ 18-20.

Bascom responds that these allegations are sufficient. For example, Bascom cites the following allegations in the *Facebook* complaint: (1) defendant "permits third-party developers to access and use the Facebook website."; (2) defendant's "Platform includes the Facebook website as well as a set of development tools and APIs that are provided to third-party developers. Facebook provides detailed instructions to developers to enable them to integrate with the Facebook website."; (3) defendant "indirectly infringes the Patents-In-Suit . . . by instructing, directing and/or requiring others, including its users and developers, to perform all or some of the steps of the method claims."; (4) defendant "has actively and knowingly induced and continues to actively and knowingly induce infringement of one or more claims of the [] patents."; and (5) defendant "has induced and continues to induce others to infringe the [] Patents under 35 U.S.C. § 271(b) by actively and intentionally aiding and abetting others, including its users, to infringe." *Facebook* Compl. ¶¶ 24-25, 29, 31, 35, 39, 43, 47, 51, 55, 59.

1   The Court concludes that the complaints do not adequately allege that defendants intended to
2   induce infringement of the asserted patents. Courts have found inducement allegations sufficient when,
3   for example, the complaints contain "factual allegations setting forth the similarities between the patent
4   claims and the advertised features of the [defendant's] products," as well as the defendant's knowledge
5   of the patents-in-suit. *Infineon Technologies AG*, No. C-11-6239 MMC, 2012 WL 3939353, at *4; *see
6   also In re Bill of Lading*, 681 F.3d at 1341-46 (holding induced infringement allegations sufficient
7   where, *inter alia*, the complaints identified statements by the defendants regarding the benefits of their
8   products and those benefits closely resembled the benefits of the method disclosed in the patent);
9   *AntiCancer, Inc. v. Fujifilm Med. Sys. U.S.A., Inc.*, 745 F. Supp. 2d 1165, 1170 (S.D. Cal. 2010)
10  ("[A]dvertising an infringing use or instructing how to engage in an infringing use, show an affirmative
11  intent that the product be used to infringe and can constitute actively aiding another's infringement.").

12  Here, the complaints only list the titles and dates of issuance of the patents-in-suit, and contain
13  no allegations regarding what those patents claim. While the complaints do contain allegations
14  regarding the defendants' products, there are no allegations setting forth the similarities between the
15  claims of the patents-in-suit and the defendants' products, nor are there any specific allegations about
16  how defendants have advertised an infringing use or instructed customers or third parties regarding how
17  to engage in an infringing use. Accordingly, the Court will grant Bascom leave to amend the complaints
18  to allege "facts plausibly showing that [defendants] specifically intended their customers to infringe the
19  [patents] and knew that the customer's acts constituted infringement." *In re Bill of Lading*, 681 F.3d
20  at 1339.

### C. Induced infringement of a method claim

23  BroadVision and Novell raise an additional challenge to Bascom's induced infringement claims.
24  They contend that those claims fail because Bascom accuses defendants of inducing infringement "by
25  instructing, directing and/or requiring others, including its users, to perform *all or some* of the steps of
26  the method claims." *BroadVision* Compl. ¶ 23; *Novell* Compl. ¶ 23 (emphasis added). BroadVision and
27  Novell argue that this allegation is insufficient because the Federal Circuit has held that "*all* the steps
28  of a claimed method must be performed in order to find induced infringement, but that it is not necessary

7

1  to prove that all the steps were committed by a single entity." *Akamai Technologies, Inc. v. Limelight*
2  *Networks*, Inc., 692 F.3d 1301, 1306 (Fed. Cir. 2012) (en banc) (emphasis added).

3  In response, Bascom argues that a "fair and plausible reading of [Bascom's] allegation is that
4  some users may directly infringe 'all' of the elements of the claimed method, while in other situations,
5  users may directly infringe some of the elements of a claim while other users would infringe the
6  remaining elements of [the] claim." Oppositions to Motions at 7. However, as defendants note in their
7  replies, the complaints do not actually allege that defendants induce performance of all of the steps, in
8  some combination or other. The Court will grant Bascom leave to amend to clarify these allegations
9  to state a claim under *Akamai*. *See generally Akamai Technologies*, 692 F.3d at 1308-09.[1]

## II. Willfulness

Bascom's prayer for relief in the *Facebook* complaint seeks an award of treble damages based on willful infringement. *Facebook* Compl. Prayer for Relief ¶ D. "[T]o establish willful infringement, a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent. . . . If this threshold objective standard is satisfied, the patentee must also demonstrate that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer." *In re Seagate Technology, LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (en banc). "[A] willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct." *Id*. at 1374.

Facebook contends that Bascom's willful infringement claim is deficient because the complaint does not allege any facts that could give rise to an inference that Facebook knew or should have known it was acting despite an objectively high likelihood of infringement. Bascom's opposition does not respond to these arguments, and thus it appears that Bascom concedes that it cannot state a claim for willful infringement against Facebook. The Court agrees with Facebook that the complaint is devoid

---

[1] Although BroadVision and Novell are the only defendants to raise this issue, all of the complaints contain the same "all or some" allegation. *See Facebook* Compl. ¶ 30; *LinkedIn* Compl. ¶ 30; *Jive* Compl. ¶ 23. In light of the fact that Bascom will be amending all of the complaints, the Court finds that it would be prudent for Bascom to clarify the collective infringement allegations in all of the complaints.

8

of factual allegations in support of such a claim. Accordingly, the Court GRANTS Facebook's motion to dismiss the claim for willful infringement. If Bascom wishes to pursue such a claim in the amended complaint, Bascom shall include specific factual allegations in support of such claim.

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS defendants' motions to dismiss. Docket # 22 in No. C 12-6293 SI; #22 in C 12-6294 SI; #20 in C 12-6295 SI; #24 in C 12- 6296 SI; and #20 in C 12-6297 SI. If Bascom wishes to amend the complaints, Bascom shall do so by **March 29, 2013**.

**IT IS SO ORDERED.**

Dated: March 12, 2013

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE