| | |
|---|---|
| KEKER & VAN NEST LLP<br>ROBERT A. VAN NEST - # 84065<br>rvannest@kvn.com<br>DAVID SILBERT - # 173128<br>dsilbert@kvn.com<br>ASHOK RAMANI - # 200020<br>aramani@kvn.com<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone:   (415) 391 5400<br>Facsimile:    (415) 397 7188<br><br>Attorneys for Defendant<br>LINKEDIN CORP. | COOLEY LLP<br>HEIDI L. KEEFE - # 178960<br>hkeefe@cooley.com<br>MARK R. WEINSTEIN - # 193043<br>mweinstein@cooley.com<br>JEFFREY T. NORBERG - # 215087<br>jnorberg@cooley.com<br>Five Palo Alto Square<br>3000 El Camino Real<br>Palo Alto, CA  94306-2155<br>Telephone:   (650) 843-5000<br>Facsimile:    (650) 849-7400<br><br>Attorneys for Defendant<br>FACEBOOK, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BASCOM RESEARCH, LLC, a Virginia limited liability company,<br><br>           Plaintiff,<br><br>      v.<br><br>LINKEDIN CORPORATION, a Delaware corporation,<br><br>           Defendant. | Case No. 12-cv-06294 SI<br><br>**DEFENDANTS' NOTICE OF MOTION TO STAY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO STAY**<br><br>Date:          January 17, 2014<br>Time:         9:00 a.m.<br>Dept:          10<br><br>Judge:        Honorable Susan Illston<br><br>Date Filed: October 3, 2012<br><br>Trial Date:  None Set |
| BASCOM RESEARCH, LLC, a Virginia limited liability company,<br><br>           Plaintiff,<br><br>      v.<br><br>FACEBOOK, INC., a Delaware corporation,<br><br>           Defendant. | Case No. 12-cv-06293 SI |

Please take notice that on January 17, 2014 at 9 am, or as soon thereafter as counsel may be heard in the above-captioned Court, Defendants LinkedIn Corp. ("LinkedIn") and Facebook, Inc. ("Facebook) (collectively "Defendants") will, and hereby do, respectfully move for a stay.

Defendants seek a temporary stay of these coordinated actions pending the Supreme Court's decision in *Alice Corp. v. CLS Bank Int'l*, which is expected approximately five months after this motion is set for hearing.

## I.     INTRODUCTION

Last Friday, the Supreme Court granted *certiorari* in *Alice Corp. v. CLS Bank Int'l* to answer "[w]hether claims to computer-implemented inventions—including claims to systems and machines, processes, and items of manufacture—are directed to patent-eligible subject matter within the meaning of 35 U.S.C. § 101 as interpreted by this Court?"  No. 13-298, *cert. granted* (U.S. Dec. 6, 2013).  The Court's decision—which is expected by June 2014—will carry sweeping implications for the patents Bascom asserts in this case.  Not only are those patents directed to computer-implemented inventions, but they claim abstract ideas whose patentability is highly questionable at best.

Under the current schedule, the Court, as well as the parties, will expend considerable resources over the coming months which may quickly prove to have been wasted once the Supreme Court rules.  A tutorial and *Markman* hearing are set for late February or early March.[1] Thus, this Court may issue its *Markman* ruling, resolving numerous disputed claim constructions, just weeks before the Supreme Court definitively declares Bascom's patents invalid, and the parties may incur very significant unnecessary costs during this period as well.

Under these circumstances, the Court should stay this action pending the Supreme Court's decision.  Bascom concedes, as it must, that "[t]he Supreme Court's decision in *Alice* is likely to clarify the current uncertainty surrounding software patentability."  Dkt. 121 at 3.  A stay will be brief—approximately five months from when the instant motion is set for hearing.  Further, a stay

---

[1] The *Markman* hearing was set for February 26, but the Court recently inquired about postponing it to March.  *See* Dkt. 120.

1

DEFENDANTS' NOTICE OF MOTION TO STAY;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO STAY
Case Nos. 12-cv-06294 SI / 12-cv-06293 SI

will not prejudice Bascom.  Bascom is a non-practicing entity and shell company with no legitimate business operations.  Moreover, Bascom waited over *six years* before suing LinkedIn and Facebook, and can hardly complain about a stay of a few months that may conserve an enormous amount of the Court's and parties' resources.

For these reasons, and as explained more fully below, Defendants respectfully ask the Court to temporarily stay these coordinated actions pending the Supreme Court's decision in *Alice Corp*.

## II.   FACTUAL BACKGROUND

Bascom has sued LinkedIn and Facebook on four related patents, which are generally directed to creating "link relationships" between "document objects" on a computer network, and assigning "attributes" to those relationships.[2]

Even during prosecution of these patents, the PTO recognized that their abstract nature raises serious questions of patentability under Section 101.  Years ago, during prosecution of the '971 patent, for example, the Examiner rejected the pending claims for claiming unpatentable subject matter.  *See* Declaration of Abhishek Bajoria in Support of Defendants' Motion to Stay ("Bajoria Decl."), Ex. A at 3.  Bascom responded by amending the claims to add the words "computer-implemented" in the preamble.  *Id.*, Ex. B at 10.  The Examiner then withdrew the rejection; however, courts now hold that merely reciting a "computer" does ***not*** convert ineligible subject matter into a patentable invention.  *See, e.g.*, *CyberSource Corp. v. Retail Decisions, Inc.*, 654 F. 3d 1366, 1375 (Fed. Cir. 2011) ("the basic character of a process claim drawn to an abstract idea is not changed by claiming only its performance by computers.").

More recently, the PTO again rejected all pending claims in a related Bascom patent application for claiming unpatentable subject matter.  Bajoria Decl., Ex. C at 2-3.  Just like the claims asserted in this case, the rejected claims were directed to selecting document objects, creating link references, associating attributes, and storing them in link directories.  *Id.*, Ex. D.

---

[2] The asserted patents are U.S. Patent Nos. 7,111,232; 7,139,974; 7,158,971; and 7,389,241.  *See* Dkt. No. 1, Exs. A-D (copies of patents).

This time, Bascom did not even try to traverse the PTO's rejection under current Federal Circuit law; instead, it abandoned the application. *Id.*, Ex. E.

If any uncertainty remains about the unpatentability of Bascom's claimed inventions, the Supreme Court will likely resolve that uncertainty in its forthcoming *Alice Corp.* decision. The question presented in *Alice Corp.* is "[w]hether claims to computer-implemented inventions—including claims to systems and machines, processes, and items of manufacture—are directed to patent-eligible subject matter within the meaning of 35 U.S.C. § 101 as interpreted by this Court?" No. 13-298, *cert. granted* (U.S. Dec. 6, 2013). Bascom concedes that "[t]he Supreme Court's decision in *Alice* is likely to clarify the current uncertainty surrounding software patentability." Dkt. 121 at 3. Bascom further concedes that the decision is expected "on or before June 2014." *Id.*

The remaining months until the Supreme Court issues that decision are insignificant compared to the years that Bascom waited before commencing this lawsuit. The first of the patents-in-suit issued in September 2006, the same month that Facebook became publicly available, and years after LinkedIn was launched. Yet Bascom waited over ***six years***, until October 2012, before filing suit—a delay so long that it triggers a presumption of laches under Federal Circuit law.

What's more, even after filing its complaint, Bascom has repeatedly injected delay into the proceedings. It sued in an inappropriate forum, forcing Defendants to move to transfer to this Court; it asserted an unreasonable number of claims (after promising the Court it would not), requiring protracted meet-and-confer negotiations and ultimately intervention by the Court; and it served multiple rounds of improper and incomprehensible infringement contentions, stalling the proceedings until it disclosed its actual allegations. These (and more) sources of delay, all within Bascom's control, dwarf the brief period that the Court and parties would wait to allow the Supreme Court to decide a controlling and potentially case-dispositive question of law.

### III.  ARGUMENT

"[T]he power to stay proceedings is incidental to the power inherent in every court to

control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  In particular, "[a] trial court may, with propriety, find it efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which may bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979) (emphasis added).

In exercising their power to stay, courts consider "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir.1962).

Here, a stay will simplify the issues and conserve both the Court's and parties' resources, while causing no meaningful prejudice.

### A. Awaiting the Supreme Court's decision in *Alice Corp.* will promote the efficient litigation of this action and serve the interests of justice.

It cannot be reasonably disputed that the viability of Bascom's patents falls squarely within the scope of the question the Supreme Court will soon decide in *Alice Corp.*  Thus, the Supreme Court's decision could dispose of these actions in their entirety.  Bascom recognizes this, acknowledging that "[t]he Supreme Court's decision in *Alice* is likely to clarify the current uncertainty surrounding software patentability." Dkt. 121 at 3.  Because patentability is a threshold issue of law affecting all of the asserted patents, a short stay will promote the efficient litigation of this action.  *See, e.g.*, *Munoz v. PHH Corp.*, No. 08-0759, 2011 WL 4048708, at *4 (E.D. Cal. Sept. 9, 2011) ("There is no rational reason to proceed further in this case until the standing issue has been clarified by the Supreme Court.").

Indeed, courts routinely stay cases under these circumstances.  For example, when the California Supreme Court granted a petition to determine the precise meaning of California Labor Code § 226.7 regarding meal and rest breaks, numerous courts in this district, including this Court, stayed proceedings to await the decision.  *See, e.g.*, *Gabriella v. Wells Fargo Fin., Inc.*,

No. 06-4347, 2009 WL 188856, at *1 (N.D. Cal. Jan.26, 2009) (Illston, J.); *Lew v. Countrywide Fin. Corp.*, No. 08-1993, 2009 WL 1384975, at *4 (N.D. Cal. Feb.24, 2009) (Conti, J.); *Minor v. FedEx*, No. 09-1375, 2009 WL 1955816, at *1 (N.D. Cal. July 6, 2009) (Henderson, J.).

More recently, when the Supreme Court granted *certiorari* in *Concepcion* to decide whether the Federal Arbitration Act preempted California law, district courts again granted stays pending the Supreme Court's decision. *See, e.g.*, *Alvarez v. T-Mobile USA, Inc.*, No. 10-2373, 2010 WL 5092971, at *1 (E.D. Cal. Dec. 7, 2010) (stay granted in consideration of the "orderly course of justice" because the decision in *Concepcion* would be controlling); *Carney v. Verizon Wireless Telecom, Inc.*, No. 09-1854, 2010 WL 3058106, at *3 (S.D. Cal. Aug. 2, 2010) (stay granted due to "threshold nature" of the issue under review); *Lopez v. Am. Express Bank, FSB*, No. 09-07335, 2010 WL 3637755, at *4 (C.D. Cal. Sept. 17, 2010) (*Concepcion* "will directly affect the case at hand").

Absent a stay, on the other hand, this Court may expend considerable resources over the coming months to learn the asserted patents and construe the disputed claim terms, only to see those efforts prove futile immediately after completing them. Alternatively, the Court may need to construe additional terms, or construe terms again, if the Supreme Court articulates a new test for patentability. A stay will simplify or eliminate the issues in question, and therefore conserve judicial resources. *Ricoh Co. v. Aeroflex Inc*., No. 03-04669, 2006 WL 3708069, at *2 (N.D. Cal. Dec. 14, 2006); *In re Cygnus Telecomm. Tech. LLC*, 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005). It will also allow this Court to follow the Supreme Court's guidance on Section 101 issues without wasting resources in the interim.

### B. Denying the stay would prejudice LinkedIn and Facebook by leaving them without recourse for the resources wasted in the interim.

LinkedIn and Facebook will be prejudiced if the Court were to deny this motion. Both would have to expend time and resources litigating even though the Supreme Court is poised to soon provide clarity regarding Section 101 law. Pressing forward with litigation in the interim will be costly—the case schedule contemplates *Markman* briefing, technical tutorial, and argument within the next three months. Discovery is also ongoing, which imposes a financial toll

and also disrupts Defendants' business activities. "[A] stay will reduce the additional expenditure of the parties' time and resources, which is of particular importance if the Supreme Court's decision ultimately disposes of this action." *Munoz*, 2011 WL 4048708, at *4. By continuing to litigate in the interim, on the other hand, Facebook and LinkedIn would "suffer damage by conducting what could be pointless discovery and motion practice." *Id.* Indeed, "[i]t would be burdensome for both parties to spend time, energy, and resources on pretrial and discovery issues, only to find those issues moot within less than a year." *Alvarez*, 2010 WL 5092971, at *2.

Moreover, as this Court has previously observed in a similar situation, the Supreme Court's forthcoming decision "will significantly determine the course of this litigation." *Gabriella*, 2009 WL 188856, at *1. Even if the Supreme Court does not dispose of the case entirely, its decision will affect which patent claims remain in the case, and therefore impact "the scope of discovery." *Id.*

### C. A stay will not prejudice Bascom.

Bascom will not suffer any prejudice from the proposed stay. As a non-practicing entity, Bascom does not make any products at all, let alone any products that practice any of the claims of the asserted patents. Thus, Bascom cannot, in the unlikely event it prevails at trial, reasonably expect anything other than monetary damages. *See generally eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006); *Vehicle IP, LLC v. Wal-Mart Stores, Inc.*, No. 10-503, 2010 WL 4823393, at *2 (D. Del. Nov. 22, 2010) ("Of particular importance is the fact that plaintiff does not develop or sell any products of its own and is not a competitor of defendants. Courts are generally reluctant to stay proceedings where the parties are direct competitors. Since the parties do not compete, this factor favors a stay.").

Nor will a stay prevent Bascom from collecting any damages should it prevail; instead, the damages period will continue to run while the case is stayed. *See Like.com v. Superfish, Inc.*, No. 09-5805, 2010 WL 2635763, at *3 (N.D. Cal. June 29, 2010) ("potential recovery of damages will not be affected"). Because a stay will not affect Bascom's ability to recover monetary compensation for alleged infringement, no substantive prejudice could result from the stay. *See*

*Nanometrics, Inc. v. Nova Measuring Instruments, Ltd.*, No. 06-2252, 2007 WL 627920, at *3 (N.D. Cal. Feb. 26, 2007) ("Mere delay, without more though, does not demonstrate undue prejudice.").

Bascom also cannot reasonably complain of undue delay. The allegedly infringing technologies have been publicly available since at least 2006. Yet Bascom waited over six years to sue. And when Bascom did finally sue, it did so in the wrong forum. The last year was therefore spent getting the case transferred to the proper venue and getting Bascom to serve revised infringement contentions, which it did a mere ***three weeks ago***. Given the years of delay singularly caused by Bascom, it is ironic indeed that it now objects to a short stay designed to conserve judicial resources. Bajoria Decl., Ex. F. The procedural posture of this case, however, demonstrates that Bascom will not be prejudiced and a stay is appropriate. *Sorensen v. Digital Networks N. Am.*, Civ. No. 07-05568, 2008 WL 152179, at *2 (N.D. Cal. Jan. 16, 2008) ("[T]he fact that this case is still in the early stages and the parties have not yet conducted significant discovery or invested substantial expense into the litigation weighs in favor of granting a stay" (internal quotations omitted)).

## IV.    CONCLUSION

Facebook and LinkedIn respectfully request that the Court temporarily stay these proceedings pending the Supreme Court's decision in *Alice Corp.*

Dated: December 13, 2013                             KEKER & VAN NEST LLP

                                                     By:  */s/ David Silbert*
                                                          ROBERT A. VAN NEST
                                                          DAVID SILBERT
                                                          ASHOK RAMANI

                                                          Attorneys for Defendant
                                                          LINKEDIN CORP.

Dated: December 13, 2013                             COOLEY LLP

                                               By:  */s/ Heidi L. Keefe*
                                                    HEIDI L. KEEFE
                                                    MARK R. WEINSTEIN
                                                    JEFFREY T. NORBERG

                                                    Attorneys for Defendant
                                                    FACEBOOK, INC.