IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BASCOM RESEARCH LLC,<br><br>      Plaintiff,<br><br>  v.<br><br>FACEBOOK, INC.,<br><br>      Defendant.<br>_____/<br><br>BASCOM RESEARCH LLC,<br><br>      Plaintiff,<br><br>  v.<br><br>LINKEDIN CORPORATION,<br><br>      Defendant<br>_____/ | No. C 12-6293 SI and  C 12-6294 SI<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO STAY**<br><br>Order to be filed in both cases |

Defendants' motions to stay are scheduled for a hearing on January 17, 2014. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matters are appropriate for resolution without oral argument, and VACATES the hearing.

**DISCUSSION**

Defendants seek a stay pending the United States Supreme Court's decision in *Alice Corp. v. CLS Bank Int'l*, No. 13-298, *cert. granted* (U.S. Dec. 6, 2013).  In *Alice Corporation*, the Supreme

Court granted *certiorari* to answer "[w]hether claims to computer-implemented inventions – including claims to systems and machines, processes, and items of manufacture – are directed to patent-eligible subject matter within the meaning of 35 U.S.C. § 101 as interpreted by this Court?" The Supreme Court's decision is expected by June 2014. The patents-in-suit are directed to computer-implemented inventions that create "link relationships" between "document objects" on a computer network, and assigning "attributes" to those relationships. A *Markman* hearing is currently scheduled for March 12, 2014, and the opening brief on claim construction is due January 31, 2014.

Defendants contend that a stay will conserve resources because until the Supreme Court issues its decision in *Alice Corp.*, it is unclear what will be required to perform a section 101 patent-eligibility analysis in these cases. Defendants have stated that they intend to bring a motion regarding patent eligibility, and they assert that "the section 101 issues affect all four patents in suit." Docket No. 105 at 2:28.[1] Defendants assert that "the Supreme Court could announce a clear rule that sounds the death knell for Bascom's patents and hundreds of thousands like them . . . [o]r the Court could articulate a clear rule that would permit some computer-related patents but still eliminate the claims Bascom asserts in this case, [or] [t]he Court could also articulate a standard – currently unknown – which may (or may not) require this Court to construe certain elements of the claims as part of, or as a predicate to, the section 101 analysis." *Id*. at 4:3-9.

The Court has discretion to stay proceedings if in the interest of judicial efficiency. *See Landis v. North American Co.*, 299 U.S. at 254. In evaluating the propriety of a stay, the Court should consider "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). The Court finds that these factors weigh in favor of the limited stay sought here because the Supreme Court's decision in *Alice Corporation* will provide important guidance regarding software patentability. The Court agrees with defendants that it does not make sense to proceed with claim construction just months before the

---

[1] The parties filed identical papers in both related cases, and the docket numbers refer to C 12-6293 SI.

2

Supreme Court is expected to issue its decision in *Alice Corp*. The Court also finds that a brief stay of up to five months will not prejudice plaintiff, a non-practicing entity, because the monetary damages period will continue to run while the case is stayed.

Plaintiff opposes a stay on the ground that defendants have not demonstrated irreparable harm or likelihood of success on the merits. However, as defendants note, plaintiff relies on cases addressing the legal standard applicable for preliminary injunctions or stays of judgments pending appeal, not stays of district court proceedings when in the interest of judicial efficiency. *Compare Nken v. Holder*, 556 U.S. 418, 425-26 (2009) (discussing standard to stay removal of alien pending appeal), *with Landis v. North American Co.*, 299 U.S. 248, 254 (1936) ("The [Court's] power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

Plaintiff also argues that a stay will not conserve resources because plaintiff asserts it is unlikely that the Supreme Court will invalidate all patents claiming inventions implemented in computer software, and thus the Court will likely be required to construe the claims of the patents-in-suit in order to determine section 101 eligibility. However, the Federal Circuit "has never set forth a bright line rule requiring district courts to construe claims before determining subject matter eligibility." *Ultramercial, LLC v. Hulu, LLC*, 657 F.3d 1323, 1325 (Fed. Cir. 2011), *vacated sub nom. WildTangent, Inc. v. Ultramercial, LLC*, 132 S. Ct. 2431 (2012); *see also Cardpool, Inc. v. Plastic Jungle, Inc.*, No. C 12-4182 WHA, 2013 WL 245026, at *3 (N.D. Cal. Jan. 22, 2013) ("There is no authority for the proposition that a patent may not be deemed ineligible subject matter on a motion to dismiss."). Thus, claim construction may not be required prior to evaluating subject matter eligibility, and if it is required, the scope of claim construction is likely to be impacted by the Supreme Court's decision in *Alice Corp*.

Accordingly, the Court GRANTS defendants' motions for a stay. Docket No. 99 in C 12-6293 SI and Docket No. 123 in C 12-6294 SI.

**IT IS SO ORDERED.**

Dated: January 13, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE