RUSS AUGUST & KABAT LLP
MARC A. FENSTER - # 181067
mfenster@raklaw.com
BRIAN D. LEDAHL - # 186579
bledahl@raklaw.com
DORIAN S. BERGER - # 264424
dberger@raklaw.com
12424 Wilshire Boulevard, 12 Floor
Los Angeles, California 90025
Telephone:     (310) 826-7474
Facsimile:     (650) 826-6991

Attorneys for Plaintiff
BASCOM RESEARCH LLC


KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
DAVID SILBERT - # 173128
dsilbert@kvn.com
ASHOK RAMANI - # 200020
aramani@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     (415) 391 5400
Facsimile:     (415) 397 7188

Attorneys for Defendant
LINKEDIN CORP.

COOLEY LLP
HEIDI L. KEEFE - # 178960
hkeefe@cooley.com
MARK R. WEINSTEIN - # 193043
mweinstein@cooley.com
LOWELL D. MEAD - # 223989
lmead@cooley.com
ELIZABETH L. STAMESHKIN - # 260865
estameshkin@cooley.com
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA  94306-2155
Telephone:     (650) 843-5000
Facsimile:     (650) 849-7400

Attorneys for Defendant
FACEBOOK, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BASCOM RESEARCH, LLC, a Virginia limited liability company,<br><br>          Plaintiff,<br><br>     v.<br><br>LINKEDIN CORPORATION, a Delaware corporation,<br><br>          Defendant. | Case No. 12-cv-06294 SI<br><br>**FURTHER JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:        August 22, 2013<br>Time:        3:30 pm<br>Dept:        10<br><br>Judge:      Honorable Susan Illston<br><br>Date Filed:  October 3, 2012<br><br>Trial Date:  None Set |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BASCOM RESEARCH, LLC, a Virginia
limited liability company,

        Plaintiff,

   v.

FACEBOOK, INC., a Delaware corporation,

       Defendant.

Case No. 12-cv-06293 SI

Pursuant to Civil Local Rule 16-10(d), Plaintiff Bascom Research, LLC ("Bascom"), and Defendants Facebook, Inc. ("Facebook") and LinkedIn Corp. ("LinkedIn") (collectively, "Defendants") submit this Joint Case Management Statement in anticipation of the August 22, 2014 Case Management Conference.

## I.        BASCOM'S STATEMENT

Eight months ago Defendants asked this Court to stay this litigation pending the Supreme Court's decision in *Alice Corp. v. CLS Bank Int'l* ("*Alice*"), 134 S. Ct. 2347 (2014).  Defendants assured the Court "[a] stay will be brief—approximately five months" (Dkt No. 99 at 2), and the "Supreme Court [would] definitively declare[] Bascom's patents invalid." *Id*. at 1.  Neither of Defendants' predictions came true.  In particular, contrary to Defendants' predictions, the Supreme Court quite clearly did not declare all patents involving computer software invalid.  Defendants now propose, despite the fact that the Supreme Court did not somehow declare Bascom's patents invalid, that Defendants be permitted to keep all activity in this case stayed while they bring a motion on patent eligibility.[1]  Though Defendants suggest that such a motion will be dispositive, they ask the Court to waive its Standing Order and allow them to bring still more summary judgment motions in the future.  This request suggests that Defendants lack the courage of their convictions and that this request is merely a tactic for further delay.[2]  Bascom believes that proceeding forward with a normal case schedule is the most appropriate way to proceed in this case (and remains skeptical of the utility of proceeding with such a motion before the Court construes the claims), but if Defendants are truly confident that the issues they propose to raise now are dispositive and ripe for resolution, Bascom is agreeable to prompt briefing and

---

[1] On Friday afternoon as the parties finalized their joint statement, Defendants restyled their request for early summary judgment as a request to bring a Rule 12(c) motion for judgment on the pleadings, or alternatively an early motion for summary judgment.  In either case, Defendants should not be permitted to further delay this matter to permit serial motions rather than proceeding to claim construction and trial.  Indeed, a Rule 12(c) motion should only be brought "after the pleadings are closed - but ***early enough not to delay trial***." Fed. R. Civ. P. 12(c) (emphasis added).  Defendants seek to deviate from this clear language of the Federal Rules.

[2] Indeed, although Facebook references the fact that it petitioned for a Covered Business Method Review of one of the patents-in-suit, it fails to note that it chose not to even raise Section 101 issues in its petition.

resolution of those issues (which Bascom anticipates will be favorable to Bascom).  However, when Defendants' motion fails, they should not be permitted to bring still more motions for summary judgment in the future, in order to avoid imposing undue prejudice to Bascom from serial delay.

Defendants suggest that their proposal cannot prejudice Bascom.  This is false.  Defendants' proposal would lead to further delay and injury to Bascom.  Bascom brought this case nearly two years ago and has sought to protect its patent rights despite repeated attempts by the Defendants to delay this litigation.  In particular, Defendants have repeatedly sought to delay these proceedings by transferring the litigation (Dkt. No. 25), requesting this Court move back claim construction by five months (Dkt. No. 89), and staying this case for eight months pending the outcome of *Alice*.  Dkt. No. 99.  Defendants argue that further delay will not prejudice Bascom as Bascom is a "non-practicing entity."  Defendants' statement is false.  Bascom is a wholly owned subsidiary of Document Security Systems, Inc. ("DSS") a publically traded company with 108 employees, including approximately 30 employees in a manufacturing facility in Brisbane, CA, with revenues of $17.5 Million a year, of which  $15.4 Million derive from sales of manufactured counterfeit prevention products, and $2.1 Million derive from the sales of enterprise software and IP licensing.  The patents included in this litigation are used in DSS products, including Authentishare, a secure file sharing application that is used by a number of DSS's enterprise customers, as well as in the AuthentiSuite family of digital security products (see www.authentiguard.com).  *See generally* Dkt. No 104-2 at 161-164.  Defendants have repeatedly understated the impact of their proposed schedule modifications to the Court.  *See* Dkt. 99 at 2 ("[a] stay will be brief—approximately five months.").  In the likely event that Defendants are unsuccessful in invalidating all of the asserted claims in all four patents-in-suit, the parties would still need to conduct claim construction and Defendants propose still more summary judgment motions, further delaying Bascom's adjudication of its rights.

Defendants suggest that their proposed motion on the patent eligibility of the patents-in-suit is likely to be case dispositive.  The Supreme Court did not broadly invalidate software

FURTHER JOINT CASE MANAGEMENT CONFERENCE STATEMENT
Case Nos. 12-cv-06294 SI / 12-cv-06293 SI

patents through "a clear rule that sounds the death knell for Bascom's patents and hundreds of thousands like them" as Defendants predicted in requesting a stay pending the *Alice* decision. Dkt. No. 105 at 5.  Instead, the Supreme Court confirmed the two step analysis described in *Mayo Collaborative Servs. v. Prometheus Labs. Inc.*, 132 S. Ct. 1289 (2012).  Before embarking on its Section 101 analysis in *Alice*, the Supreme Court emphasized the caution with which courts should proceed when considering Section 101 issues: "we tread carefully in construing this exclusionary principle lest it swallow all of patent law." *Id.* at 2354.  The Supreme Court was careful to state that "an invention is not rendered ineligible for patent simply because it involves an abstract concept." *Id.* (citing *Diamond v. Diehr*, 450 U.S. 175, 187 (1981)).  "'Applications of such concepts 'to a new and useful end' . . . remain eligible for patent protection." *Id.* (quoting *Gottschalk v. Benson*, 409 U.S. 63, 67 (1972)).

Ultimately, *Alice* did not significantly alter the scope of patent eligible subject matter as Defendants suggest.  However, if Defendants are truly confident in their positions, they should not be concerned about filing additional summary judgment motions in the future.  Bascom is confident that Defendants cannot prevail in their arguments regarding patent eligible subject matter.  However, serially litigating the issues in this case, while delaying proceedings on the merits is unfairly prejudicial to Bascom.  Defendants should be required to choose.  If they wish to pursue this issue as a basis for resolution, at this time, they should do so, but the Court should not permit them to have their cake and eat it too by allowing Defendants to further delay the case with more motions in the future after this effort fails.

## II.   DEFENDANTS' STATEMENT

Bascom's asserted claims are invalid under 35 U.S.C. § 101 and recent Supreme Court and Federal Circuit precedent.  Defendants propose to file a Rule 12(c) motion for judgment on the pleadings, or alternatively an early motion for summary judgment, requesting that the Court declare the asserted claims invalid under Section 101 so that this potentially case-dispositive issue, which is purely a matter of law for the Court, can be resolved while the cases otherwise remain stayed.

The Court stayed these cases to avoid wasting resources pending the Supreme Court's guidance on Section 101 invalidity.  (Dkt No. 133.)[3]  Precisely the same purpose will be served by a focused resolution of Section 101 invalidity, now that the Supreme Court and Federal Circuit have confirmed that claims such as Bascom's are not directed to patentable subject matter. Bascom cannot complain that the Court's resolution of this threshold legal issue would cause undue prejudice or delay, as Bascom waited more than six years before filing these cases and does not compete with the Defendants in any market covered by the patents-in-suit.  (*See* Dkt. No. 123 (Motion to Stay) at 2, 6-7.)

Defendants also note that defendant Facebook, Inc. has filed a petition with the PTO Patent Trial & Appeal Board for a Covered Business Method review requesting that the PTO invalidate the asserted claims of one of the patents-in-suit, U.S. Patent No. 7,389,241.[4]  Bascom's preliminary response to the CBM petition is due August 22, 2014.  The pendency of the CBM petition, including its potential impact on claim construction and validity issues in these cases, presents another reason to resolve the threshold Section 101 issue now, before further resources are expended in litigation.

The Court stayed these related cases due to the potential impact of the Supreme Court's decision in *Alice Corp. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014).  (Dkt. No. 133.)[5]  The Supreme Court's ruling in *Alice* and subsequent cases interpreting it, including the Federal Circuit's opinion in *Digitech Image Tech., LLC v. Elecs. For Imaging, Inc.*, 2013-1600, 2014 WL 3377201 (Fed. Cir. July 11, 2014), clarify the requirements for patentability under 35 U.S.C. § 101 and confirm that Bascom's asserted claims are invalid.  *Alice* holds that an abstract idea for

---

[3] For convenience, Defendants cite the docket numbers from the LinkedIn action (Case No. 12-cv-06294 SI).  The Facebook case docket contains the same papers cited herein.

[4] Bascom notes that the CBM petition does not address Section 101.  However, the CBM petition was filed while the Supreme Court's decision in *Alice v. CLS Bank* was still pending.  Nothing required Facebook to include a Section 101 challenge in the petition when the Supreme Court would be addressing the issue in subsequent months.

[5] Bascom mischaracterizes out-of-context quotes from Defendants' briefing on the motion stay, as a review of the cited briefing makes clear.  Defendants never "predicted" what the Supreme Court would do, and only noted a range of possibilities warranting a stay.  In the event, the stay was fully justified because the Supreme Court's ruling confirms that Bascom's claims are invalid.

creating and modifying transaction records is not patentable, even though the claims require the use of a computer, where the claimed functionality "amounts to electronic recordkeeping—one of the most basic functions of a computer." *Alice*, 134 S.Ct. at 2359. *Digitech* similarly holds that "a process of taking two data sets and combining them into a single data set," involving "taking existing information . . . and organizing this information into a new form," is not a patentable invention. *Digitech*, 2014 WL 3377201, *5.

The asserted claims of Bascom's patents are invalid under Section 101 because they claim the abstract idea of "linking" things together in a computer, and other similarly abstract manipulation of information. (*See* Dkt. No. 1 (patents-in-suit attached to complaint).) The asserted claims are directed to ways to organize information using abstract concepts like "link directories," "link relationships," "attributes," and the like. (*Id.*, *passim*; *see also* Dkt. No. 132 (joint claim construction statement).) Some of the claims recite a "network" or "computer," but the law is clear that such generic recitations do not confer patentability. *See Alice*, 134 S.Ct. at 2358. The claims also recite "document objects," but the parties agree that the patents define this term in the broadest, most open-ended way, as "information stored on computers, networked computing and storage devices as a document or object." (*See* Dkt. No. 132 (JCCS) at 1.)

The patents-in-suit and Bascom's related patents and applications have a long history of Section 101 problems, even under the more relaxed Section 101 patentability standards that governed prior to the Supreme Court's decision in *Bilski v. Kappos*, 130 S. Ct. 3218 (2010). (*See* Dkt. No. 123 at 2-3.) Under the current governing law, including *Alice* and *Digitech*, the asserted claims are not directed to patentable subject matter.

Because Section 101 invalidity is a threshold issue of law, courts often decide the issue on a Rule 12(b) motion to dismiss or Rule 12(c) motion for judgment on the pleadings,[6] and the

---

[6] *See, e.g.*, *Cardpool, Inc. v. Plastic Jungle, Inc.*, C 12-04182 WHA, 2013 WL 245026 (N.D. Cal. Jan. 22, 2013) appeal dismissed, 2013-1227, 2014 WL 1685993 (Fed. Cir. Apr. 29, 2014) (granting Rule 12(b) motion to dismiss for Section 101 invalidity); *UbiComm, LLC v. Zappos IP, Inc.*, CV 13-1029-RGA, 2013 WL 6019203 (D. Del. Nov. 13, 2013) appeal dismissed, 2014-1092, 2014 WL 3747349 (Fed. Cir. July 31, 2014) (same); *Clear with Computers, LLC v. Dicks Sporting Goods, Inc.*, C:12-cv-674 (E.D. Tex. Jan. 21, 2014) (same); *Lumen View Tech. LLC v.*

Federal Circuit has confirmed the appropriateness of early, pre-*Markman* Section 101 invalidity rulings. *See*, *e.g.*, *Cyberfone Sys., LLC v. CNN Interactive Grp., Inc.*, 558 F. App'x 988, 992 (Fed. Cir. 2014) (affirming pre-*Markman* judgment of Section 101 invalidity and rejecting argument that "claim construction must precede the § 101 analysis"). Defendants would be pleased to discuss with the Court whether to style their proposed motion as a Rule 12(c) motion or alternatively as an early Rule 56 summary judgment motion, in which case Defendants would respectfully request leave under the Court's Standing Order. In any event, under the unusual circumstances of this case, Defendants propose that resolution of this threshold legal issue should not exhaust Defendants' opportunity to seek summary judgment on additional issues (such as non-infringement and prior art invalidity) to the extent this motion does not dispose of these cases entirely.

Defendants propose the following briefing schedule on the Section 101 motion, to be followed by a hearing at the Court's convenience:

- Defendants file motion – September 10, 2014
- Bascom files opposition – September 24, 2014
- Defendants file reply – October 3, 2014

Dated:  August 15, 2014                              RUSS AUGUST & KABAT LLP

                                        By:   */s/ Brian D. Ledahl*
                                              MARC A. FENSTER
                                              BRIAN D. LEDAHL
                                              DORIAN S. BERGER

                                              Attorneys for Plaintiff
                                              BASCOM RESEARCH LLC

*Findthebest.com, Inc.*, 984 F. Supp. 2d 189, 191 (S.D.N.Y. 2013) (granting Rule 12(c) motion for judgment on the pleadings for Section 101 invalidity); *buySAFE, Inc. v. Google Inc.*, 964 F. Supp. 2d 331, 337 (D. Del. 2013) (same).

1  Dated:  August 15, 2014                    KEKER & VAN NEST LLP

2

3                                         By:   */s/ David Silbert*
                                               ROBERT A. VAN NEST
4                                              DAVID SILBERT
                                               ASHOK RAMANI
5

6                                              Attorneys for Defendant
                                               LINKEDIN CORP.
7  Dated: August 15, 2014                      COOLEY LLP

8

9                                         By:   */s/ Heidi L. Keefe*
                                               HEIDI L. KEEFE
10                                             MARK R. WEINSTEIN
                                               LOWELL D. MEAD
11                                             ELIZABETH L. STAMESHKIN

12                                             Attorneys for Defendant
                                               FACEBOOK, INC.
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FURTHER JOINT CASE MANAGEMENT CONFERENCE STATEMENT
Case Nos. 12-cv-06294 SI / 12-cv-06293 SI

793889.02